UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                          Case Nos.:  3:17cr77/MCR/EMT
                                                         3:19cv3285/MCR/EMT

STERLING RANDALL KEEFER
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 56).    The Government responded in opposition (ECF Nos. 61, 62). Defendant did not file a reply, despite having been afforded an opportunity to do so (*see* ECF No. 57).    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.    *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).    After a review of the record and the arguments presented, the undersigned recommends that the § 2255 motion be denied without a hearing. *See* Rules 8(a) and (b), Rules Governing Section 2255 Proceedings.

PROCEDURAL BACKGROUND

On August 15, 2017, Defendant Sterling Randall Keefer (Keefer) was charged in a four-count superseding indictment with two counts of possession of a firearm

and ammunition by a convicted felon (Counts One and Four), possession with intent to distribute marijuana (Count Two), and possession of a firearm in furtherance of a drug trafficking crime (Count Three) (ECF No. 20). Keefer retained Attorney Ryan Michael Cardoso to represent him (ECF No. 16).

On September 22, 2017, Keefer signed a written plea agreement, factual basis, and sealed supplement and pleaded guilty to Counts Two, Three, and Four before the undersigned (ECF Nos. 29–33, 60). The district court adopted the undersigned's recommendation that the guilty plea be accepted (*see* ECF Nos. 33, 34).

As set forth in the Presentence Investigation Report (PSR), Keefer had a total offense level of 21 and a criminal history category of III (ECF No. 45). The total offense level incorporated a base offense level of 22, a two-level upward adjustment because the firearm was stolen, and a three-level downward adjustment for acceptance of responsibility (*id.*, PSR ¶¶ 36–45). The applicable guidelines imprisonment range was 46 to 57 months as to Counts Two and Four and 60 months, consecutive, as to Count Three, for a total range of 106 to 117 months (PSR ¶ 101).

The court varied significantly from the guidelines range and imposed a total sentence of only 67-months imprisonment (ECF Nos. 54, 55, 59). The court imposed the below-guidelines (seven-month) sentence on Counts Two and Four due

in part to Keefer's young age, his lack of substantial criminal history, the low quantity of drugs involved in the distribution count, and the fact that he had been confined in a county jail for thirteen months awaiting disposition of this case (*see* ECF No. 55 at 4). Keefer did not appeal, but he timely filed the instant § 2255 motion on August 13, 2019 (ECF No. 56 at 10).[1] Keefer raises a single ground for relief. He contends his attorney was ineffective for failing to investigate his prior state criminal history. Keefer claims he was not a convicted felon because his prior state court convictions resulted in a "non-state prison" sentence of only "11 months and 29 days" of incarceration (*id.* at 4). The Government opposes the motion.

ANALYSIS

General Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014). A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266, 276 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

subject to collateral attack.    *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding."    *Lynn v. United States,* 365 F.3d 1225, 1234 (11th Cir. 2004); *Granda v. United States,* 990 F.3d 1272, 1286 (11th Cir. 2021) (citation omitted).    Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes either (1) cause for not raising the ground on direct appeal *and* actual prejudice resulting from the alleged error, or, alternatively, (2) he is "actually innocent."    *Granda*, 990 F.3d at 1286; *Lynn*, 365 F.3d at 1234.    A meritorious claim of ineffective assistance of counsel can constitute cause.    *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

In order to prevail on a claim of ineffective assistance of counsel, a defendant must show (1) his attorney's representation fell below "an objective standard of reasonableness," and (2) a reasonable probability exists that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).    "The burden of persuasion is

on a section 2255 petitioner to prove, by a preponderance of the competent evidence, both that counsel's performance was unreasonable, and that [ ]he was prejudiced by that performance."   *Demar v. United States*, 228 F. App'x 940, 950 (11th Cir. 2007) (quotation marks, brackets, and citations omitted);[2] *see also Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001) ("The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail.").   *Strickland*'s two-part test also applies to guilty pleas.   *Carmichael v. United States,* 966 F.3d 1250, 1258 (11th Cir. 2020); *Lafler v. Cooper*, 566 U.S. 156, 162–63 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).   A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial. *Id.* at 163 (quoting *Hill*, 474 U.S. at 59).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances."   *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).   Reviewing courts "must indulge a strong presumption that counsel's conduct fell within the wide range of

---

[2]  "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."   11th Cir. R. 36-2.

reasonable professional assistance." *Strickland*, 466 U.S. at 689; *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct). To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315.

To establish prejudice, a defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*). In the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

Because a successful ineffective assistance of counsel claim requires a showing of both deficient performance and prejudice, counsel's performance is not constitutionally deficient if he fails to preserve or argue a meritless claim. *Hollis*

*v. United States,* 958 F.3d 1120, 1124 (11th Cir. 2020); *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).

Finally, an evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."    *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).    Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.    *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). Disputes involving purely legal issues can be resolved by the court without a hearing.

<u>Keefer's Claim for Relief</u>

Keefer's claim regarding counsel's performance is relevant only to his conviction and (concurrent) seven-month sentence on Count Four.    He was convicted on Count Four of violating 18 U.S.C. § 922(g)(1), which provides in relevant part that it is unlawful for any person "who has been convicted *in any court* of, a crime *punishable* by imprisonment for a term exceeding one year" to possess a firearm. 18 U.S.C. § 922(g)(1) (emphases added).[3]    The plain language of the

---

[3] The Government notes that what constitutes a conviction of a predicate felony under 18 U.S.C. § 922(g)(1) is "determined in accordance with the law of the jurisdiction in which the proceedings were held."    18 U.S.C. § 921(a)(20); *Beecham v. United States,* 511 U.S. 368, 369 (1994); *United States v. Clarke*, 822 F.3d 1213, 1214 (11th Cir. 2016).

statute does not require that the sentence actually imposed, or served, exceed one year, only that the offense conduct be punishable by such a term.[4]

Keefer has six convictions from 2012, enumerated in paragraph 50 of the PSR, all arising in the Circuit Court of Escambia County, Florida: resisting an officer with violence, battery on a law enforcement officer, two grand thefts, and two corruptions by threat to a public servant.    Each of these qualifies as a "crime punishable by imprisonment for a term exceeding one year."    18 U.S.C. § 921(a)(20).    Under Florida law, resisting an officer with violence is classified as a felony of the third degree and is punishable "by a term of imprisonment not exceeding five years." Fla. Stat. §§ 843.01, 775.082(3)(e).    Battery on a law enforcement officer (LEO) is, at a minimum, a felony of the third degree, punishable "by a term of imprisonment not exceeding five years" (certain battery on LEO offenses carry greater penalties, but the prior conviction at issue here was for a third degree felony (*see, e.g.*, ECF

---

[4] *See United States v. Smith*, No. 08-00389-WS, 2009 WL 857493 (S.D. Ala. Mar. 27, 2009) (rejecting defendant's argument that the six-month sentence imposed for his prior conviction was "less than a year" and thus could not constitute a § 922(g)(1) predicate).    Cases interpreting analogous language in the definition of "felony drug offense" in 21 U.S.C. § 802(44)—"an offense that is punishable by imprisonment for more than one year"—have reached the same conclusion. *See United States v. DeJesus*, 314 F. App'x 386, 389 (2d Cir. 2009) (permitting consideration of a prior state drug conviction where defendant received probationary sentence because the offense was punishable by a term of over one year); *United States v. Guzman-Tlaseca*, 546 F.3d 571, 579 (8th Cir. 2008) (permitting consideration of a prior state conviction under a statute which could have resulted in a sentence of either less or greater than one year); *United States v. Campos*, 163 F. App'x 232, 234 (4th Cir. 2006) (permitting consideration of state conviction so long as a violation of the statute was punishable by more than one year imprisonment, and noting that the actual sentence received was "immaterial").

No. 61-1)).    Fla. Stat. §§784.07(2)(b), 775.082(3)(e).    Grand Theft Auto is classified as a third-degree felony, punishable "by a term of imprisonment not exceeding five years."    Fla. Stat. §§812.014(2)(c)6,[5] 775.082(3)(e).    Finally, corruption by threat to a public servant is classified as a third-degree felony and is also punishable "by a term of imprisonment not exceeding five years."    Fla. Stat. §§ 838.021(3)(b), 775.082(3)(e).    Thus, each of these offenses provides a predicate for Keefer's § 922(g) conviction, and counsel was not constitutionally ineffective for failing to investigate this meritless issue.

As an additional matter, it bears mention that even if the court erred in imposing a seven-month sentence as to Count Four, vacating this sentence would have no impact on Keefer's overall sentence.    His seven-month sentence on Count Two and the concurrent sixty-month sentence on Count Three remain unchallenged.

Finally, the undersigned notes that Keefer states he did not raise this issue on appeal, claiming he "had a [sic] ineffective counsel in regards to filing a direct appeal on my behalf" (ECF No. 56 at 4).    Keefer did not raise a separate claim of ineffective assistance of counsel for failure to file an appeal; he made no other

---

[5] The statute cited by the Government in its response (ECF No. 61 at 12) contains a typographical error.    However, the attached criminal punishment scoresheet reflects the correct statute (ECF No. 61-1 at 1).

mention of his appeal in his § 2255 motion[6]; and he did not file a reply.    Moreover, Keefer offers no supporting facts from which the undersigned can glean a possible basis for an ineffectiveness claim relating to the appeal—for example, whether counsel failed to file an appeal as instructed or failed to consult with him regarding his appellate options.    *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).    It is the defendant's burden to provide factual support for his contentions regarding counsel's performance.    *See Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.    *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Dale v. United States*, 809 F. App'x 727, 728 (11th Cir. 2020) (citing *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992)); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).    Keefer has not raised a viable claim of ineffective assistance of counsel with respect to an appeal, and no further discussion or relief is warranted on this issue.

---

[6] The docket contains a notation that pages six and nine of Keefer's motion were not included (*see clerk's notation at* ECF No. 56).   In responding to Defendant's motion, however, the Government indicated—as the undersigned has, herein—that Defendant raised only one claim for relief, namely, counsel's failure to investigate whether Defendant was in fact a convicted felon (*see, e.g.*, ECF No. 61 at 3).   If Defendant disputed the Government's characterization of the number or nature of his claim(s), he could have said so in a reply, but as previously noted, Defendant failed to submit a reply.

CONCLUSION

For the foregoing reasons, the court finds that Keefer has not shown entitlement to relief pursuant to 28 U.S.C. § 2255. Nor has he shown that an evidentiary hearing is warranted. Therefore, his motion should be denied.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party

may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.    The Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 56) be **DENIED**.

2.    A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 21ˢᵗ day of October 2021.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  An objecting party must serve a copy of its objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**